IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LOUIS WILLINGHAM, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 119-045 |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| CROWDER STEWART, LLP, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on March 22, 2019, and because he is proceeding *pro se*, on May 24, 2019, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 9.) The Court explained Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-3.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of the case. (Id. at 3.) On July 31, 2019, Plaintiff filed a motion for a non-specific extension of time to effect service, assuming the service deadline ended ninety days after filing the complaint on June 20, 2019. (Doc. no. 10.) On August 1, 2019, the Court granted Plaintiff an extension through and including September 30, 2019, to properly effect service of process. (Doc. no. 11.) Additionally, the Court again instructed Plaintiff service must be completed according to the Federal Rules of

Civil Procedure and failure to properly serve Defendants and docket such proof by the deadline may result in dismissal. (Id.)

However, the September 30th deadline elapsed with no evidence on the record that any Defendant had been served. Indeed, there has been no case activity docketed by Plaintiff since his July 31st motion. On October 8, 2019, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 12.) Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant another extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1193 Amd.). The responsibility for effecting service stands firmly with Plaintiff. The record does not reflect any attempt by Plaintiff to effect service, or any indication that any Defendant may be attempting to evade service.

Moreover, although it is not entirely clear based on the information in the complaint whether a refiled action would be time-barred, because Plaintiff has not responded to the Court's October 8th Order or otherwise taken any action in the case since filing his July 31st motion, Plaintiff has abandoned his case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R.

2

Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (holding court may dismiss action *sua sponte* for "willful disobedience or neglect of any order of the Court").

In sum, Plaintiff commenced this case over ninety days ago, and he has already been given the benefit of an extended time limit for effecting service. The Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case. (See doc. nos. 9, 11, 12.) Moreover, the Court's Order granting an extension of time to effect service was met with silence from Plaintiff. Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service and abandonment of the case. See Schnabel v. Wells, 922 F.2d 726,

728-29 (11th Cir. 1991); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 29th day of October, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA